FILED
OCT 1 3 2021
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. S1-4:21 CR 463 RWS/NCC |
| | ) |
| DAVID LEE NELSON, | ) |
| | ) |
| Defendant. | ) |

**SUPERSEDING**
**INDICTMENT**

**COUNT I**

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

    1.    Federal law defined the term

    (a)    "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(1));

    (b)    "sexually explicit conduct" to mean actual or simulated--

        (i)    sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

        (ii)    bestiality,

        (iii)    masturbation,

        (iv)    sadistic or masochistic abuse, or

    (v)  lascivious exhibition of the anus, genitals, or pubic area of any person (18 U.S.C. §2256(2)(A));

 (c)  "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C.§ 2256(6));

 (d)  "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

    (A)  the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

    (C)  such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C.§2256(8)).

 2.  The "Internet" was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files.

 3.  Between on or about July 21, 2021, and on or about July 23, 2021, in the Eastern District of Missouri, and elsewhere,

**DAVID LEE NELSON,**

the defendant herein, did knowingly employ, use, persuade, induce, entice "Victim 1," who was a 15-year old minor, to engage in sexually explicit conduct, specifically, defendant recorded

"Victim 1" in a lascivious display of his genitals and masturbating, and said sexually explicit conduct was for the purpose of producing visual depictions of such conduct, and such depictions were produced using a digital camera and microSD card that were produced outside the state of Missouri, and therefore, traveled in interstate and foreign commerce;

In violation of Title 18, United States Code, Section 2251(a) and punishable under Title 18, United States Code, Section 2251(e).

## COUNT II

The Grand Jury further charges that:

1.  The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

3.  Between on or about July 21, 2021, and on or about July 23, 2021, in the Eastern District of Missouri, and elsewhere,

### DAVID LEE NELSON,

the defendant herein, did knowingly employ, use, persuade, induce, entice "Victim 2," an 11-year old minor, to engage in sexually explicit conduct, specifically, defendant recorded "Victim 2" in a lascivious display of his genitals and masturbating, said sexually explicit conduct was for the purpose of producing visual depictions of such conduct, and such depictions were produced using a digital camera and microSD card that were produced outside the state of Missouri, and therefore, traveled in interstate and foreign commerce;

In violation of Title 18, United States Code, Section 2251(a) and punishable under Title 18, United States Code, Section 2251(e).

## COUNT III

The Grand Jury further charges that:

1. The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

3. Between on or about July 21, 2021, and on or about July 23, 2021, in the Eastern District of Missouri, and elsewhere,

**DAVID LEE NELSON**,

the defendant herein, did knowingly employ, use, persuade, induce, entice "Victim 3" and "Victim 4," both 13-year-old minors, to engage in sexually explicit conduct, specifically, defendant recorded "Victim 3" and "Victim 4" in a lascivious display of their genitals, said sexually explicit conduct was for the purpose of producing visual depictions of such conduct, and such depictions were produced using a digital camera and microSD card that were produced outside the state of Missouri, and therefore, traveled in interstate and foreign commerce;

In violation of Title 18, United States Code, Section 2251(a) and punishable under Title 18, United States Code, Section 2251(e).

## COUNT IV

The Grand Jury further charges that:

1. The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

3. Between on or about July 21, 2021, and on or about July 23, 2021, in the Eastern District of Missouri, and elsewhere,

the defendant herein, did knowingly attempt to employ, use, persuade, induce, entice "Victim 5," a 12-year-old minor, and "Victim 6," a 13-year-old minor, to engage in sexually explicit conduct, specifically, defendant attempted to record "Victim 5" and "Victim 6" in a lascivious display of their genitals, said sexually explicit conduct was for the purpose of producing visual depictions of such conduct, and such depictions were produced using a digital camera and microSD card that were produced outside the state of Missouri, and therefore, traveled in interstate and foreign commerce;

In violation of Title 18, United States Code, Section 2251(a) and punishable under Title 18, United States Code, Section 2251(e).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2251 as set forth in Count(s) I and II of the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2. Specific property subject to forfeiture includes, but is not limited to, the following:

   a. Patriot brand microSD card;
   b. V7 brand microSD card;
   c. two digital cameras;
   d. batteries;
   e. Goalzero brand battery charger;
   f. Samsung SM-G900A cell phone;
   h. Blue Battery Charger (Boy Scouts of America);
   i. Crankia hard drive;
   j. two Seagate hard drives;
   k. Cavalry hard drive;
   l. notebook computer;
   m. Surface laptop computer;
   n. Dell laptop Precision computer;
   o. USB device labeled thinkware-dash cam;
   p. 2 TB SSD;
   q. Real USB Device;
   r. Flash Voyager USB;
   s. Xerox USB;
   t. Quantum Big Foot hard drive;
   u. WD 800 hard drive;
   v. Hitachi hard drive;
   w. three DVDs;
   x. Dell XPS;
   y. WD External hard drive;
   z. Toshiba externa hard drive.
   aa. Flash Voyager thumber drive;
   bb. Microsoft thumb drive;
   cc. Apple iPad; and
   dd. HP tablet computer.

3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or

6

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

            A TRUE BILL.


            _____
            FOREPERSON

SAYLER A. FLEMING
United States Attorney


_____
ROBERT F. LIVERGOOD, #35432
Assistant United States Attorney

7